## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1 | **PIPELINE INDUSTRY BENEFIT FUND** | **CIVIL ACTION NO.:** | 16-cv-642-CVE-PJC |
| 2 | **PIPELINE INDUSTRY PENSION FUND** | | |
| 3 | **LOCAL 597 TRAINING CENTER** | **JUDGE:** | |
| 4 | **PIPELINE INDUSTRY ANNUITY/401(K) FUND** | **MAGISTRATE:** | |
| 5 | **PIPELINERS LOCAL 597** | | |

      **Plaintiffs,**

**vs.**

| | |
|---|---|
| 1 | **MIDWEST UNDERGROUND, INC.** |
| 2 | **MIKE D. MURPHY** |

      **Defendants.**

## COMPLAINT

1.       This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended 29 U.S.C. §§1132 and 1145, and §301 of the Labor-Management Relations Act, 29 U.S.C. §185.

2.       Plaintiffs Pipeline Industry Benefit Fund, Pipeline Industry Pension Fund, Local 597 Training Center, Pipeline Industry Annuity/401k Fund (collectively "Funds"), and Pipeliners Local 597 ("Local 597") bring this action pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f) & (g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1109, 1132(a)(3), (e), (f) & (g) and 1145.

3.     The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to collective bargaining agreements between Pipeliners Local 597 and defendant Midwest Underground, Inc. and other signatory employers. They are trust funds established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents.

4.     The Funds bring this action by and through their trustees. These trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21).

5.     Pipeliners Local 597 is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

6.     Midwest Underground, Inc. is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7). Midwest Underground, Inc. is an Illinois corporation.

7.     Defendant Mike D. Murphy is the director of Midwest Underground, Inc. Murphy is a fiduciary within the meaning of ERISA 3(21), 29 U.S.C. §1002(21).

8.     Subject matter jurisdiction is conferred by 28 U.S.C. §§1331 and 1367; 29 U.S.C. §§1132 and 1145, and 29 U.S.C. §185(c).

9.     This Court has personal jurisdiction over the defendants pursuant to 29 U.S.C. §1132(e)(2) and 29 U.S.C. §185(c).

10.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(c) and 28 U.S.C. 1391(b) and (c).

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENT AND PLAN DOCUMENTS

11.     The foregoing paragraphs are incorporated by reference.

12.     The collective bargaining agreement obligates defendant Midwest Underground, Inc. to the terms and conditions of the Restated Agreement and Declarations of Trust establishing and maintaining the Plaintiff Funds.

13.     The collective bargaining agreements and trust agreements require Midwest Underground, Inc. to file monthly remittance reports with Local 597 and the Funds itemizing hours worked by employees in the bargaining unit who are represented by Local 597 and covered by the collective bargaining agreement.

14.     The collective bargaining agreement obligates Midwest Underground, Inc. to pay prescribed hourly wages to covered employees as well as hourly fringe benefit contributions to the Funds on behalf of these employees. The Funds and the Training Center are third-party beneficiaries to the collective bargaining agreement.

15.     Midwest Underground, Inc. has failed to pay contributions as required by the collective bargaining agreement.

16.     Contributions are estimated to be due and owing to the Funds and the Training Center in the amount of $109,136.45 and late fees of $23,013.44 for hours worked by employees of Midwest Underground, Inc. during May 2015 through August 2015.

17.     Midwest Underground, Inc. has also failed to make required contributions to the Pipeline Industry Annuity/401k Fund in the amount of $18,735.84.

18.     Midwest Underground, Inc. has also failed to pay and remit to Local 597 the full amount of hourly or other periodic dues deductions authorized by represented employees.

19.     Each failure by Midwest Underground, Inc. to make the required contributions to the Funds in a timely manner is a breach of the collective bargaining agreement and trust agreements.  Each such breach violates both Section 515 of ERISA (29 U.S.C. § 1145) and Section 301 of the LMRA (29 U.S.C. § 185).

20.     Pursuant to the collective bargaining agreement, trust agreements, delinquency policies, and resolutions of the respective Boards of Trustees of each Fund, Midwest Underground, Inc. is liable to the Funds and Local 597 for delinquent contributions, late fees, attorneys' fees, costs, liquidated damages, and interest.

21.     Accordingly, as a result of Midwest Underground, Inc.'s breaches of the collective bargaining agreement and related documents, the plaintiff Funds and Local 597 have been damaged in the amount of $109,136.45 in unpaid contributions, $23,013.44 in late fees.

**COUNT II**
**PERMANENT INJUNCTION**

22.     The foregoing paragraphs are incorporated by reference.

23.     Defendant Midwest Underground, Inc., pursuant to the collective bargaining agreement and trust documents, is obligated to make timely contributions and submit remittance reports to the Funds and Local 597 each month.

24.     Defendant Midwest Underground, Inc. has repeatedly failed to make such submissions.

25.     This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of the employee benefit plans and threatens the Funds and the Training Center and the Funds' and the Training Center's beneficiaries with irreparable harm.

## COUNT III
## BREACH OF FIDUCIARY DUTY

26.     The foregoing paragraphs are incorporated by reference.

27.     The collective bargaining agreement provides in pertinent part that all contributions due and owing to the Funds "shall be deemed and are considered to be the assets of" the Funds.

28.     Defendant Mike D. Murphy ("Murphy") is the director of Midwest Underground, Inc. and exercised authority and control over Fund assets, specifically unpaid monthly employer contributions and deductions.

29.     Murphy is liable individually as a fiduciary of the Funds pursuant to §3(21(A) of ERISA, 29 U.S.C. §1002(21)(A).

30.     A copy of the complaint has been served on the Secretary of Labor and the Secretary of Treasury by certified mail pursuant to 29 U.S.C. §1132(h).

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1)     That the Court declare Midwest Underground, Inc. liable to the Funds and the Training Center for all unpaid fringe benefit contributions in the amount of $109,136.45 in unpaid contributions, plus late fees in the amount of $23,013.44;

2)     That the Court declare Midwest Underground, Inc. liable to the Pipeline Industry Annuity/401k Fund in the amount of $18,735.84 in unpaid contributions;

3)     That the Court declare Midwest Underground, Inc. liable to Local 597 for the full amount of dues unlawfully withheld from the pay of represented employees and not remitted to Local 597;

4)     That the Court declare Midwest Underground, Inc. liable for unpaid contributions due to covered employees under the collective bargaining agreement;

5)     That the Court order that Midwest Underground, Inc. permit the Funds to conduct an audit of Midwest Underground, Inc.'s payroll and other relevant documents and records at Midwest Underground, Inc.'s cost, covering the period from January 1, 2015 to December 31, 2015;

6)     That the Court order Midwest Underground, Inc. to pay the Funds all unpaid contributions and accruing contributions owed to the Funds as revealed by the payroll audit;

7)     That the Court order Midwest Underground, Inc. to pay the Funds interest, liquidated damages, attorneys' fees, costs, and other damages as provided by the Funds' delinquency procedures, collective bargaining agreement, plan documents, and ERISA;

8)     That the Court enjoin Midwest Underground, Inc. from failing to pay contributions and make reports to the Funds, the Training Center, and Local 597 in the manner required by the applicable collective bargaining agreements;

9)     That the Court declare Midwest Underground and Mike D. Murphy liable to the Funds for unpaid fringe benefit contributions in the amount of $109,136.45, late fees in the amount of $23,013.44, unpaid contributions in the amount of $18,735.84 to the Pipeline Industry Annuity/401k Fund, attorneys' fees, costs, and all other damages caused by Midwest Underground and Mike Murphy's failure to pay contributions to the Funds and Local 597 as required by the applicable agreements; and

10)    For such further relief as the Court may deem just and necessary.

Respectfully submitted,

**ROBEIN, URANN, SPENCER, PICARD
& CANGEMI, APLC**

/s/ Louis L. Robein
Louis L. Robein (LA Bar No. 11307)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile:  (504) 885-9969
lrobein@ruspclaw.com

**HOLLOWAY & MONAGHAN**
Kelly F. Monaghan (OK Bar No. 11681)
W. Brant Warrick (OK Bar No. 30967)
Attorneys for Plaintiffs
4111 South Darlington, Suite 1100
Tulsa, Oklahoma 74135
Telephone: (918) 627-6202
Facsimile:  (918) 627-6265
kmonghan@hmkoklaw.com
bwarrick@hmkoklaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served on the following by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h), on the 17 day of October, 2016:

Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Thomas E. Perez, Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20210

/s/Louis Robein
Louis L. Robein